In the Matter of J.D.H., et al.

(199 N.W.2d 411)

(File Nos. 11019, 11020. Opinion filed July 13, 1972)

**William D. Kenyon,** Sioux Falls, for appellants.

**Gordon Mydland,** Atty. Gen., **Frances M. Niemoller,** Asst. Atty. Gen., Pierre, for respondent.

WOLLMAN, Judge.

This is an appeal from an order of the circuit court of Lincoln County, South Dakota, denying the appellants, parents of the above described minor children, permission to appeal to the circuit court from a decree of the district county court of Lincoln County which terminated the parental rights of appellants in said children (#11020). There is also a related action which is an attempted direct appeal to this court from the same decree (#11019).

Pursuant to petition, the district county court held a hearing on March 30, 1971, at which evidence was received concerning the allegations that the three minor children in question were neglected and dependent children as defined in SDCL 26-8-6. At this hearing the state was represented by the Lincoln County State's Attorney, SDCL 26-8-22.4, the appellants appearing personally and with an attorney.*

On April 2, 1971, the district county court entered an order declaring the children to be neglected and dependent children. On April 6, 1971, the district county court entered the decree referred to above terminating the parental rights of the appellants in said minor children. Service of certified copies of the order and of the decree was made on the attorney for appellants on April 7, 1971.

---

* Present counsel for appellants did not represent them at the hearing; from the record it appears that his first formal representation of them occurred sometime during July of 1971. Pursuant to the application and affidavit of appellants representing that they were indigent and requesting the appointment of counsel, the district county court formally appointed present counsel to represent appellants on appeal on August 3, 1971.

On July 2, 1971, present counsel for appellants moved the circuit court for an order permitting them to appeal from the judgment of the district county court. This motion was supported by the affidavit of the father of the children in which he stated, inter alia, that he had not been advised by the district county court of his right to appeal the decision terminating his parental rights and that he had been advised by his then counsel that nothing further could be done and that the decision of the district county court was final. He also stated that he had been advised by a case worker for the State Department of Welfare who had placed the children in a foster home that if he could hold a job and demonstrate that he could provide a good home for the children he might be able to regain custody of the children. This affidavit was countered by an affidavit of former counsel for appellants who stated that at the conclusion of the action in district county court he had informed them that an appeal could be taken from the decision of the district county court and that thereafter he had had no further contact with appellants and was never approached by them at any time with a request that an appeal be taken. Following a hearing, the circuit court on July 16, 1971 entered an order denying the motion for permission to appeal from the decree of the district county court. Notice of appeal from this order was served on August 9, 1971. Notice of appeal from the decree of the district county court was served on July 30, 1971.

At the time of the hearing in the instant case and until July 1, 1971, SDCL 26-8-58 provided that:

> "An appeal may be taken to the circuit court from a judgment, decree, or order of the county court under the provisions of this chapter, within the time and in the manner provided in chapter 30-35."

Chapter 151, Laws of 1971, materially amended SDCL 30-35. Prior to July 1, 1971, SDCL 30-35-1 provided that: "An appeal may be taken to the circuit court from a judgment, decree, or order of the county court * * * *". SDCL 30-35-4 provided that: "An appeal must be taken within thirty days from the date of filing the judgment, decree, or order appealed from in the office of the clerk of court."

548

Appellants did not appeal to the circuit court within 30 days, the time allowed by SDCL 30-35-4, nor in the manner required by SDCL 30-35-5, so the circuit court acquired no jurisdiction of the proceeding.

Appellants argue that although SDCL 26-8-58 specifically provides that an appeal may be taken to the circuit court from a decree of the district county court terminating parental rights under the provisions of SDCL 26-8-36, nowhere in the statute is it provided that an appeal can be taken only to the circuit court. They contend that because SDCL 15-26-1 clearly and definitely confers appellate jurisdiction in the Supreme Court in appeals from judgments of the district county courts and does not conflict with any other provision of law, they may appeal directly to this court.

Chapter 151, § 5, Laws of 1971, amended SDCL 30-35-1 to read: "An appeal may be taken to the Supreme Court from a judgment, decree or order of the district county court * * * * ". SDCL 30-35-4 was amended by Ch. 151, § 6, Laws of 1971, to read: "An appeal must be taken within the time allowed for appeals to the Supreme Court under SDCL 15-26-2, the time to commence from the date of filing the judgment, decree, or order appealed from in the office of the clerk of the court."

Significantly, by § 3, Ch. 151, Laws of 1971, the legislature amended SDCL 26-8-58 to read:

"An appeal may be taken to the circuit court from a judgment, decree, or order of the district county court under the provisions of this chapter, within thirty days from the date of filing of the judgment, decree or order appealed from in the office of the clerk of the court, and shall otherwise be conducted as provided in chapter 30-35. Initials shall appear on the record on appeal in the place of the name of the child."

We believe that had the legislature intended that there be a right of appeal from the district county court to this court in cases arising under SDCL 26-8, then SDCL 26-8-58 would have

been amended accordingly, rather than as it was. The 1971 amendment seems to us to reaffirm the basic legislative intent that appeals from judgments, orders and decrees of the district county case in matters pertaining to dependent and neglected children must be taken in the first instance to the circuit court within thirty days of the filing of such judgments, orders or decrees. We note that when the legislature intends that there be an alternative right of appeal in different tribunals, such a right is clearly set forth. See, for example, SDCL 32-12-59 which gives a person whose driver's license has been canceled, suspended or revoked the right to file a petition for a hearing in a court of record in the county of his residence. Application of Ewert, 81 S.D. 354, 135 N.W.2d 228.

Because the circuit court had no jurisdiction other than to deny the motion for permission to appeal from the decree of the district court, the time for appeal having expired, the order denying the appeal in #11020 is affirmed. Because there is no right of direct appeal to this court from a decree of a district county court terminating parental right under the provisions of SDCL 26-8, the appeal in #11019 is dismissed.

All the Judges concur.