Argued December 4, 1961, affirmed January 17, 1962

# STEHLE *v.* DEPARTMENT OF MOTOR VEHICLES

368 P. 2d 386

*Robert A. Holland,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs was Robert Y. Thornton, Attorney General.

*Harrison M. Weatherford,* Albany, argued the cause for respondent. On the brief were Weatherford & Thompson, Albany.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

O'CONNELL, J.

This is an appeal by the Department of Motor Vehicles from a decree of the circuit court for Linn county reinstating plaintiff's license to operate a motor vehicle.

On February 17, 1961 the Department of Motor Vehicles issued an order suspending plaintiff's license

until June 13, 1961. The order recited that it was based upon ORS 482.450 (1) (d),[1] with a notation that "[w]e believe you are an habitual, incompetent, reckless or negligent driver of a motor vehicle and have committed a serious violation of the motor vehicle laws of this state."

On March 3, 1961 plaintiff filed in the circuit court for Linn County a petition alleging (1) that defendant had suspended plaintiff's license "arbitrarily, capriciously and without a reasonable cause," and (2) that the matter specified in the February 17, 1961 order of suspension had already been adjudicated in a prior appeal.

On April 6, 1961 the trial court entered a decree ordering the Department of Motor Vehicles to reinstate plaintiff's license. This appeal is from that decree.

The prior adjudication relied upon by plaintiff as res judicata was an earlier decree of the circuit court for Linn county entered on February 10, 1961 which ordered the Department of Motor Vehicles to reinstate plaintiff's license. That decree was the culmination of proceedings which began with the suspension of plaintiff's license on May 4, 1960. Plaintiff's license was reinstated on November 7, 1960, but was again suspended on December 13, 1960. Plaintiff contested the latter suspension, and after an administrative hearing on the matter plaintiff appealed to the

---

[1] "482.450 (1) The department immediately may suspend the license of any person without hearing and without receiving a record of the conviction of such person of crime, when the department has reason to believe that such person:

\* \* \* \* \*

"(d) Is an habitual incompetent, reckless or negligent driver of a motor vehicle or has committed a serious violation of the motor vehicle laws of this state."

circuit court for Linn county which entered the decree of February 10, 1961, referred to above.

In compliance with that decree defendant reinstated plaintiff's license on February 16, 1961. However, on February 17, 1961, the defendant again suspended plaintiff's license, the terminal date of the suspension period being the same as that specified in the suspension order of December 13, 1960. The suspension order of February 17, 1961 was based upon the same violations as those relied upon by defendant in the suspension order of December 13, 1960. That being so, the decree of February 10, 1961 would continue to be operative and if that decree was upon the merits it would be conclusive against the defendant in the present proceeding, there being no evidence of additional violations upon which a new cause for revocation could be based.

Defendant argues, however, that the decree of February 10, 1961 was not on the merits but that it was based upon "a defect in the suspension order" of December 13, 1960. The decree itself sheds little light on the basis for the trial court's action in entering it.[2]

■ The petition which initiated the proceedings culminating in the February 10, 1961 decree alleged two separate causes of petition; (1) that defendant exceeded its authority and had no power to suspend the petitioner's license for the reason charged (alleged

---

[2] The decree contains the recitation that "evidence having been adduced in support of the petition by the appellant, and evidence having been adduced by the State of Oregon Department of Motor Vehicles and both parties having rested * * * IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED, that the petitioner should be and hereby is a licensed operator of motor vehicles in the State of Oregon, and the State of Oregon Department of Motor Vehicles should be and hereby is ordered to reinstate the operator's license of John F. Stehle."

in petition as being "upon the ground and for the reason of a 'driving record' "), and (2) that the defendant "did arbitrarily and capriciously, and without reasonable cause, suspend the petitioner's operating driving license."

The first cause of petition attacks the order, not on the merits, but on the ground that the defendant acted outside of its authority; the second cause of petition assumes that defendant had the authority to act, then attacks the order on the merits, alleging that it was not supported by evidence. Since alternative grounds are alleged, petitioner has the burden of proving that the decree was on the merits. Restatement, Judgments § 49, comment c (1942). Cf., *McDonough v. Garrison,* 68 Cal App2d 318, 156 P2d 983 (1945); *State ex rel Hamilton v. Cohn,* 1 Wash2d 54, 95 P2d 38 (1939).

There is nothing in the record other than the petition and decree from which it can be determined whether the decree was based upon the merits. The recitation in the decree that evidence was adduced by both plaintiff and defendant would tend to show that the court reached its conclusion upon the basis of such evidence and thus upon the merits. But we believe that this falls short of the proof necessary to establish that the prior decree was in fact an adjudication of the issue now presented on this appeal.[9] We hold,

_____

[9] The defendant's December 13, 1960 order of suspension recited only that the action taken was based upon plaintiff's "driving record." The order of February 17, 1961 recited that the action was based upon ORS 482.450 (1) (d) and contained the further notation paraphrasing the subsection as indicated above. In addition, the order contained the following notation: "Since your license is suspended on other than a mandatory provision of law you are entitled to a hearing, and, if you so desire, arrangements will be made accordingly upon receipt of your written request." The greater specificity of the charge in the later order compared to

therefore, that the decree of February 10, 1961 is not res judicata in the present proceeding.

We turn, then, to a consideration of the other issues presented on this appeal. In the present case the trial court decreed that plaintiff was "entitled to a motor vehicle operator's license" and that it was "not subject to suspension or revocation." The decree was supported by the following finding: "That the evidence does not show John F. Stehle to be an habitual, incompetent, reckless, or negligent driver, nor to have committed a serious violation of the motor vehicle laws of the State of Oregon."[④]

Defendant contends that there was substantial evidence to support its action in suspending plaintiff's license and, therefore, that the lower court was bound to sustain the order. Plaintiff, on the other hand, argues that the method of review provided for in ORS 482.490 is a trial de novo and that the determination made at the administrative level is irrelevant upon appeal to the circuit court. ORS 482.490 provides as follows:

"482.490 Any person denied a license or whose license has been suspended or revoked by the department, except where such suspension or revocation is mandatory under this chapter, shall have the right to file a petition within 30 days there-

the charge in the original order suggests that the defendant was attempting to supply a deficiency in the original order and it is not unlikely that this action was taken because the original order was found defective for the reason stated in plaintiff's first cause of petition.

[④] The court's memorandum opinion further explains the rationale of the decree. "The Court finds that the evidence does not show the plaintiff to be a habitual incompetent, reckless or negligent driver, particularly in view of the fact that his license was fully reinstated by the defendant on November 7, 1960. His driving record conduct since the restoration has not been shown to be of a habitual incompetent, reckless or negligent nature."

after for a hearing in the matter in the circuit court of the county wherein he resides. Such court shall set the matter for hearing upon 10 days' written notice to the department, and shall take testimony, examine into the facts of the case and determine whether the petitioner is entitled to a license or is subject to suspension or revocation of license under this chapter."

ORS 482.490, together with other sections in Ch 482 was, with minor changes, adopted as a part of the Uniform Motor Vehicle Operator's and Chauffeur's License Act.[5] A considerable number of other states have also adopted the Uniform Act, including the provision for judicial review in substantially the same form as ORS 482.490. The interpretation of the judicial review section of the Uniform Act has not been uniform.[6] Some courts have held that the statute limits review to a determination of whether there is substantial evidence to support the administrative order;[7] other courts interpret the statute to provide for a trial de novo.[8] We must decide which of these interpretations is correct.

[5] This Act was declared obsolete by the National Conference of Commissioners on August 18, 1943. Handbook of the National Conference of Commissioners on Uniform State Laws and Proceedings of the Firty-Third Annual Conference, p. 69 (1943).

[6] Neither the Uniform Act itself nor the reports of the proceedings of the National Conference of Commissioners on Uniform Laws throw any light upon the question of the scope of review under this section.

[7] Johnson v. Sanchez, 67 N M 41, 351 P2d 449 (1960). Cf. Dept. of Public Safety v. Robertson, 203 SW2d 950 (Tex Civ App 1947) (appeal from the department's refusal to issue a license).

[8] Ex Parte State, 262 Ala 188, 78 So2d 322 (1955); In re Wright, 228 N C 301, 45 SE2d 370 (1947), affirmed on rehearing, 228 N C 584, 46 SE2d 696 (1948); State v. Moyers, 189 P2d 952 (Okla 1948); Bureau of Highway Safety v. Wright, 355 Pa 307, 49 A2d 783 (1946); McAnerney v. State Dept. of Public Safety, 9 Utah2d 191, 341 P2d 212 (1959).

Were we free to provide the method of review in this class of cases we would, without hesitancy, limit judicial review to a determination of whether there was substantial evidence to support the administrative order. The issuance, suspension and revocation of motor vehicle operator's licenses is a matter which, in the allocation of the business of government, is more appropriately left to the administrative branch. The courts should be called upon only to provide protection against capricious or arbitrary action by administrative officers in carrying out the licensing function. But the choice of policy is not ours; the statute purports to define the scope of review and we must abide by it if we can discern its meaning and if its provisions do not violate constitutional principles.

■ In the interpretation of similar statutes it has been held that a provision for a de novo trial for the purpose of determining whether a license should issue violates the principle of separation of powers, in that it imposes upon the courts the licensing function which is legislative in character.[9] We do not accept this view. The distinction between the legislative and judicial function, whatever that distinction is, does not, in our opinion, preclude the legislature from imposing upon the courts the duty to decide in specific instances, where a case or controversy is presented, whether a license should have been suspended, revoked or denied.

---

[9] Johnson v. Sanchez, 67 N M 41, 351 P2d 449 (1960); Dept. of Public Safety v. Robertson, 203 SW2d 950 (Tex Civ App 1947); Household Finance Corp. v. State, 40 Wash2d 451, 244 P2d 260 (1952). Cf. Federal Radio Commission v. General Electric Co., 281 US 464, 50 S Ct 389, 74 L Ed 969 (1930). See 4 Davis, Administrative Law § 29.10 (1958).

Assuming that the statute delegating the power (or the administrative rules and regulations authorized by the statute) sets forth with sufficient specificity the criteria which the court is to use in determining whether a petitioner is entitled to an operator's license, there is no constitutional prohibition, under our Constitution at least, against imposing upon the courts the duty to decide whether the qualifications prescribed by the statute have been met.

It is possible that in some areas of licensing the formulation of legislative policy is so inextricably bound up with the issuance, suspension or revocation of an individual license that a statutory provision requiring the court to exercise its independent judgment would exceed the constitutional maximum of permissible judicial review. Cf. *Warren et al v. Bean,* 167 Or 116, 115 P2d 167 (1941). But we are not dealing with such a statute in the case at bar. To be sure, the determination of whether an applicant is qualified for an operator's license in the first instance, or is to continue to hold a license already issued rests, to some extent, upon the discretion of those charged with administering the law. But the discretion is quite narrowly circumscribed by specific statutory criteria and the process of determining whether the criteria are met does not involve, as an incident, the formulation of policy ordinarily associated with the legislative branch of government.

The determination of the qualifications for obtaining a license and the grounds for suspension and revocation calls for the exercise of the function of fact finding and the application of standards to the facts so found. These are the usual functions traditionally performed by courts. As it has application

to the facts of the present case, ORS 482.450 permits the suspension of a license where the licensee "is an habitual incompetent, reckless or negligent driver of a motor vehicle or has committed a serious violation of the motor vehicle code." The statute sets the minimum standard of conduct in terms familiar to the judiciary. It is not, therefore, an instance of calling upon the courts to perform an unfamiliar task. And if, as has been suggested, the definition of legislative and judicial functions should be made upon the basis of expertise, it would seem that the function called for under ORS 482.450 might well be assigned to the judiciary rather than to an administrative department.[10]

■ It is our conclusion, therefore, that the principle of separation of powers under our Constitution would not render ORS 482.490 invalid if it were construed to provide for a de novo trial. The remaining question is whether ORS 482.490 requires such a construction. We reluctantly conclude that it does. The statute requires the court to "take testimony, examine into the facts of the case and determine whether the petitioner is entitled to a license or is subject to suspension or revocation of license under this chapter." We believe that this is a clear legislative mandate requiring the trial court to exercise its independent judgment in passing upon the applicant's qualifications to receive or retain an operator's li-

---

[10] It should be pointed out that some standards set up for the issuance of licenses in the first instance (ORS 482.260) are of a character not ordinarily applied by courts. However, the standards can be judicially applied through the taking of testimony relating to the applicant's ability to meet the tests.

cense. As we have already indicated, similar statutory provisions in other states have been so construed.[20]

In some states statutes almost identical with ORS 482.490 have been construed to provide for judicial review limited to a determination of whether the administrative action is supported by substantial evidence.[21] This point of view is difficult to defend where, as in Oregon, the administrative hearing is not of record. Without such a record it would be difficult, if not impossible, for the trial court to determine whether there was substantial evidence to support the administrative order because it would not be

---

[20] "This is more than a review as upon a writ of certiorari. It is a rehearing de novo, and the judge is not bound by the findings of fact or the conclusions of law made by the department. Else why 'take testimony', 'examine into the facts', and 'determine' the question at issue?" In re Wright, 228 N C 301, 45 SE2d 370, 372 (1947).

"Upon an appeal from a suspension by the Secretary of Revenue of an operator's license, it is not only the duty of the court to hear de novo the witnesses for the Commonwealth and those for the licensee, but it is also the court's duty 'to determine anew (from the testimony taken) whether the operator's license should be suspended' * * *." Bureau of Highway Safety v. Wright, 355 Pa 307, 310, 49 A2d 783, 785 (1946).

"We feel, and so hold, that the court was required to take testimony, examine into the facts, and make its own independent determination as to wether the appellant was a habitually negligent driver, and whether his driver's license should be suspended." McAnerney v. State Dept. of Public Safety, 9 Utah2d 191, 194, 341 P2d 212 (1959).

[21] "[I]t is for the court to determine only whether grounds for suspension, cancellation or revocation exist. This is the limit of the court's jurisdiction, and the court has no right to substitute its judgment for that of the commissioner * * *." Johnson v. Sanchez, 67 N M 41, 50, 351 P2d 449 (1960).

"We are of the opinion that the decision of the department in refusing to issue an operator's license to the appellee is final and conclusive unless it can be shown that the department acted unreasonably or unlawfully, or unless its decision was not based upon substantial evidence and was arbitrary or capricious." Dept. of Public Safety v. Robertson, 203 SW2d 950, 952 (Tex Civ App 1947).

known upon what evidence and upon what grounds the administrative action was taken.

■ We hold, therefore, the plaintiff was entitled to a de novo trial in the circuit court. The trial court found that evidence failed to show that plaintiff was an habitual incompetent, reckless or negligent driver. We cannot say that this finding constituted error as a matter of law.

From the trial court's memorandum opinion it appears that in determining whether petitioner was an habitual incompetent, reckless or negligent driver the court may have attached significance to the fact that petitioner was fully reinstated and that "his driving record conduct since the restoration has not been shown to be of a habitual incompetent, reckless or negligent nature."

■ The reinstatement of a license would not purge petitioner's record of violations up to the time of such reinstatement and it would be proper for the Department of Motor Vehicles or the court, as the case may be, upon a subsequent charge to take into account such violations along with the new violations charged in determining whether petitioner's license should be suspended or revoked. The findings in no way indicate that plaintiff's conduct prior to the reinstatement of his license was not considered in determining whether he was an habitual incompetent, reckless or negligent driver. The memorandum opinion is not a part of the findings and the latter, being unambiguous, must control. Cf. *Zuccala v. Suncrest Orchards, Inc.,* 130 Or 612, 280 P 344 (1929).

The decree of the lower court is affirmed.