## APPLICATION OF EWERT

(135 N.W.2d 228)

(File No. 10134. Opinion filed May 19, 1965)

**Frank L. Farrar,** Atty. Gen., **Alfred E. Dirks,** Asst. Atty. Gen., Pierre, for defendant-appellant.

**John H. Zimmer, Zimmer & Connelly,** Parker, for petitioner-respondent.

RENTTO, J.  The applicant having been denied a driver's license by the Department of Motor Vehicles because he failed its eyesight test, filed his petition in the County Court of McCook County for a hearing in the matter.  Upon such hearing the court entered judgment ordering the issuance of a license to .him.  From this the department appeals.  It complains that the court review afforded the applicant was too broad in its scope.

Before getting to the merits of the appeal we are faced with petitioner's contention that the right to appeal from such judgment has not been conferred upon the department.

■ The opportunity of the applicant to appeal to either the circuit or county court from the decision of the department is provided for in SDC 1960 Supp. 44.03B26. That section is silent as to the right of either the individual involved or the department to appeal to this court from the action of the trial court. Art. V, Sec. 20 of our Constitution vests in the legislature the power to prescribe the cases in which appeals may be taken from our county courts to this court. Art. V, Sec. 18 concerning appeals from circuit courts provides that they shall be allowed as prescribed by law. Since the legislature has nowhere indicated that such right is denied to either party in matters of this type we think the right exists under our general statutes concerning appeals. SDC 1960 Supp. 33.0701. See also SDC 1960 Supp. 33.4216.

The appeal provisions of SDC 1960 Supp. 44.03B26 are substantially the same as the provisions of our Implied Consent Law permitting persons deprived of their license thereunder by the Commissioner of Motor Vehicles to appeal from such action to the circuit court. SDC 1960 Supp. 44.0302-2. Neither section makes mention of the right to appeal to this court from the trial court. Both were promulgated by the 1959 session of our legislature.

■ In Hanlon v. Commissioner of Motor Vehicles, 80 S.D. 316, 123 N.W.2d 136, we entertained an appeal by the Commissioner from a circuit court judgment entered under the implied consent law. On our own motion we questioned his right to appeal and were furnished supplementary briefs pertinent thereto by the parties. While not expressed in the opinion our conclusion was that he possessed that right. Two sessions of our legislature have been held since that decision with no indication of legislative disapproval thereof. We adhere to that conclusion and think it also applies to the statute here involved.

The applicant is 45 years of age, a married man with two children, and has been gainfully employed all his adult life as a farmer. Since he was 15 years of age he has operated motor vehicles upon our highways traveling at least 100,000 miles without mishap. In his farming activities he has con-

stantly operated motor driven and propelled machinery, likewise without mishap. The court found that he had a congenital eye defect which affects his central vision, but that over a long period of time he has learned to compensate for this lack of central vision by using a shifting or searching gaze and that by employing this method he sees well enough to safely operate a motor vehicle upon the highways.

He passed that part of the examination given by the department testing his ability to read and understand highway signs regulating, warning and directing traffic and his knowledge of the traffic laws of the state. The record also shows that he had a valid operator's permit issued prior to July 1, 1959; that he has never been convicted of any motor vehicle law or ordinance violation within four years immediately preceding his application; and was involved in no accident resulting in personal injury or death, or real or personal property damage exceeding $100, within that period of time.

The department is directed by SDC 1960 Supp. 44.03B09 to examine every applicant for a license. That section also states that such examination shall include a test of applicant's eyesight. In administering the law the department had adopted a policy of requiring an applicant to have a minimum visual acuity of 20/70 in order to pass the visual portion of the driver's license examination. It is not a statutory requirement. This is the portion of the examination that the applicant failed. SDC 1960 Supp. 44.03B03 directs the department to deny a license to any person when the Commissioner has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare.

It further provides that the department shall not issue a license to "any person who is required by this chapter to take an examination, unless such person shall have successfully passed such examination". The department argues that under these statutory provisions and its policy, applicant's failure to pass the eyesight test required it to deny him a license. It asserts that its action was not unreasonable, arbitrary or capricious, and contends that upon review these are the only issues presented

to the court and urges that the trial court erred in going beyond these limits in its determination that the applicant was entitled to a license.

The scope of court review in this area has been prescribed by the legislature. In SDC 1960 Supp. 44.03B26 it is provided that the court in which the petition is filed:

"is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing within thirty days, written notice hereof to be given to the Commissioner, at least ten days in advance of the hearing date, and thereupon to take testimony and examine into the facts of the case and to determine forthwith whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this chapter."

In Stehle v. Department of Motor Vehicles, 229 Or. 543, 368 P.2d 386, 97 A.L.R.2d 1359, a similar provision in their statute was held to provide for a trial de novo in the courts. See also Ledgering v. State, 63 Wash.2d 94, 385 P.2d 522. This we think is the intent of our statute.

In our Implied Consent Law, SDC 1960 Supp. 44.0302-2, the legislature stated the scope of court review in cases thereunder in this language:

"such Court is hereby vested with jurisdiction and it shall be its duty to set the matter for trial de novo upon ten days written notice to the Department, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner's license is subject to cancellation, suspension, or revocation under the provisions of this section."

For all practical purposes this is what the legislature said about the scope of court review under the statute we are considering.

In Hanlon v. Commissioner of Motor Vehicles, supra, in construing the scope of court review in an implied consent case, we said that the hearing "is not in the nature of an appeal from an administrative hearing nor a judicial review of discretionary

administrative action. It is a trial de novo whereat the circuit court is required to take testimony and made its own independent determination as to whether or not petitioner's license is subject to revocation." There is much decisional support for this view. 97 A.L.R.2d 1367. It follows, we think, that this must also be the function of the trial court in deciding petitions of the kind here involved. While the contention of the department is the rule in some jurisdictions we think our construction effectuates the intent of our legislature.

The court's finding that the applicant sees well enough to safely operate a motor vehicle upon the highway is based on expert medical testimony that is conflicting. However, there is competent evidence in the record to support it. As the evidence does not preponderate against it we may not disturb the finding.

Affirmed.

HANSON, BIEGELMEIER and HOMEYER, JJ., concur.

ROBERTS, P.J., concurs in result.