693 P.2d 1053

**FIRST INTERSTATE BANK OF IDA-HO, N.A., Plaintiff-Respondent,**

v.

**James E. WEST and Donna West, husband and wife, Defendants-Appellants.**

**No. 15147.**

Supreme Court of Idaho.

. Dec. 24, 1984.

Rand L. Peebles, Ketchum, for defendants-appellants.

E. Lee Schlender, Ketchum, for plaintiff-respondent.

852

BISTLINE, Justice.

On May 17, 1979, David Brown met with Bank of Idaho (now First Interstate Bank) manager, Stan Steele, to discuss Brown's request to borrow $5,000 to start a new business. Brown had initially asked his former employers, James and Donna West, to loan him the money but the Wests refused. Instead, they suggested he try to borrow the money from the Bank of Idaho. After learning he did not qualify for the loan on the basis of his own financial strength, Brown represented to Steele that the Wests might be willing to guarantee the payment of the loan. On May 17, Steele telephoned the Wests in California leaving a message with Mrs. West that he would like to speak to Mr. West about a possible loan guarantee for Brown.

On May 18, Mr. West returned Steele's call. Steele informed West that if a $5,000 loan was made to Brown it would be based solely upon the Wests' guarantee of payment and their considerable financial strength. Steele informed West that Brown would be meeting with Steele later that day to discuss the $5,000 loan, and the Bank wanted to know if the Wests would be willing to guarantee the loan repayment. Steele told West that if the guarantee was given the Bank would structure it to protect the Wests. West said he wanted to limit any guarantee to one $5,000 loan only, and that he would like Brown to be required to make periodic payments toward repayment of the loan to reduce the Wests' liability exposure. Steele told West that the loan would have to be repaid in one year. Steele did not tell West that Brown would be required to make periodic payments to the Bank, as requested by West, but West believed that the requirement was implicit in Steele's comment that the Bank wanted to protect the Wests. West told Steele to go ahead with the loan and send a guarantee contract to him at his California residence.

Brown was in a hurry to receive the loan. Steele testified that on May 21, Brown came into the Bank to discuss the proposed loan. That day the Bank loaned $5,000 to Brown on the basis of West's oral statement that he would guarantee payment. On the same day the Wests received the guarantee agreement in the mail. The Wests did not receive a copy of the promissory note signed by Brown for the $5,000 loan. On May 23, Mr. West sent a letter to Mr. Steele, stating that the Wests would like to discuss with Steele certain modifications of the guarantee when they returned to Idaho in two weeks. Mr. West expressed his desire that the Bank limit Brown's availability of credit to the one $5,000 loan and that Brown be required to enter into a program of repayment to the Bank, hopefully on a monthly basis. West concluded his letter by stating that the guarantee would be mailed back to the Bank with the thought of discussing modification when the Wests returned to Idaho and thanked Steele for the courtesy shown to them in extending the loan. The guarantee was not mailed back to the Bank by the Wests. Thereafter, no loan guarantee discussions took place between the parties until after Brown defaulted on his note which matured in June, 1980. The Bank declared that it was not aware that the Wests failed to return the guarantee agreement until after Brown defaulted. In August, 1980, the Bank demanded that the defendants pay the Brown note on the basis of their oral guarantee. The Wests refused. Suit was then filed by the Bank against the defendants.

The magistrate court found that there was no meeting of the minds sufficient to form an oral contract. The district court, acting in an appellate capacity, reversed the magistrate's decision on the basis that the magistrate's conclusions of law were inconsistent with its findings of fact. The district court also held that Mr. West should be equitably estopped to deny his promise to guarantee the loan. The district court held that under this set of circumstances, Mr. West was estopped to deny the existence of the oral obligation.

■ Because the district court was acting in its appellate capacity, on appeal to this Court we review the record before the

magistrate independently of the district court decision. *Allen v. Shea,* 105 Idaho 31, 32, 665 P.2d 1041, 1042 (1983); *Nicholls v. Blaser,* 102 Idaho 559, 633 P.2d 1137 (1981); *Koester v. Koester,* 99 Idaho 654, 586 P.2d 1370 (1978). We hold the district court erred in reversing the magistrate's decision. There was substantial and competent evidence at trial to support the findings of the magistrate court, and the conclusions of that court follow from those findings. The district court erred in finding the magistrate court's conclusions of law were inconsistent with its findings of fact.

## I.

The magistrate court after hearing testimony from both sides concluded there was no meeting of the minds between the Wests and the Bank, and that without a meeting of the minds no enforceable contract existed. The magistrate court was unable to find from the evidence presented an agreement covering all of the terms of the guarantee contract, noting especially that Mr. West's expression of willingness to guarantee the loan was not unequivocal. The magistrate court characterized the exchange between the Bank and Mr. West as negotiations, not an unqualified acceptance by West of the Bank's terms for the guarantee contract.

■ Based on these findings the magistrate court concluded that the Bank's loan to Brown on the basis of West's statements was premature. In characterizing the Bank's action, the magistrate court determined that the Bank "simply jumped the gun." Because the parties had not finalized their agreement, the magistrate court concluded there was no contract, and it was not the role of the court "to make a contract for the parties when their own expressions and actions fail to establish any meeting of their minds as to the terms of the contract." R., Vol. 1, p. 39. Accordingly, the magistrate court found in favor of the defendants (the Wests) and against the plaintiff-Bank, and entered judgment for the defendants. This conclusion is consistent with the court's finding that there was no meeting of the minds between the parties, and is supported by substantial and competent evidence. Thus, the district court's determination that the magistrate court's conclusions of law are inconsistent with its findings of fact was in error. It is only logical that if there was no meeting of the minds and no contract, then the defendants should not be held as guarantors of the loan to Brown.

## II.

The district court's decision was based on the doctrine of equitable estoppel, i.e., that the Bank's reliance on statements made by Mr. West during the May 21, 1979, telephone call was an oral promise on which the Bank could reasonably rely. We disagree.

An agreement to guarantee the debt of another must be in writing. I.C. § 9-505(2). The Bank was in the business of making loans to its customers on a regular basis and knew, or should have known, that a guarantee for the debt of another must be in writing.

■ This Court set forth the elements of equitable estoppel in *Hoffman v. S.V. Company,* 102 Idaho 187, 192, 628 P.2d 218, 223 (1981):

* * * as related to the party estopped [they] are: (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially. *Tew v. Man-*

*waring,* 94 Idaho [50] at 53, 480 P.2d [896] at 899; *Boesiger v. Freer,* 85 Idaho [551] at 559, 381 P.2d [802] at 806–807. The conduct of Mr. West did not constitute either a false representation or a concealment of facts. West at all times qualified his representations to the Bank manager by telling him that he (West) would only guarantee the loan to Brown if the terms were "tight" and then only for this one $5,000 loan. Notwithstanding this statement, the bank sent West a guarantee agreement which did not limit the guarantee to the one loan of $5,000, rather, it was a standard form "continuing guarantee" which also guaranteed payment of past and future advances made by the Bank to Brown. The district court's reliance on the equitable estoppel theory was misplaced.

Reversed and remanded. Costs to appellants. No attorney's fees awarded on appeal.

DONALDSON, C.J., and BAKES and HUNTLEY, JJ., concur.

SHEPARD, J., concurs in the result.