987 P.2d 1028

Donald M. LEVIN, D.O., License No. 0–14, Petitioner–Appellant,

v.

IDAHO STATE BOARD OF MEDICINE, Respondent.

No. 24680.

Supreme Court of Idaho, Boise, March 1999 Term.

Aug. 24, 1999.

Rehearing Denied Nov. 3, 1999.

414

Cosho, Humphrey, Greener & Welsh, Boise, for appellant. Daniel L. Glynn argued.

Uranga, Uranga & Beiter, Boise, for respondent. Jean R. Uranga argued.

WALTERS, Justice.

This is an appeal from a decision of the district court affirming a disciplinary order issued by the Board of Professional Discipline of the Idaho State Board of Medicine (the Board) against Dr. Donald M. Levin, a licensed osteopathic physician. The disciplinary order was based upon evidence of inappropriate sexual contacts by Dr. Levin with two of his patients and because Dr. Levin provided false information to the Board concerning the nature of his relationship with one of the patients. The order included a suspension of Dr. Levin's license which was stayed subject to a period of probation, a fine of $5,000, and an award for costs and attorney fees incurred by the Board in the administrative proceeding. We affirm the order in part and vacate it in part.

## I.

### BACKGROUND AND PROCEDURE

The allegations against Dr. Levin consisted of three counts in a second amended complaint. Two of the counts alleged that Dr. Levin had used his position as a physician to engage in improper, inappropriate, unprofes-

sional and unethical sexual conduct with patients who were under his care and treatment. In particular, Count One alleged that Dr. Levin was Patient KH's treating physician from August, 1993, through March, 1994, and that Dr. Levin was involved in sexual encounters with KH on several occasions during that time. Count Two alleged that Dr. Levin was Patient KE's treating physician beginning in December, 1987, and was involved in sexual encounters with KE from July, 1994, until the complaint was filed in April, 1996. Both counts averred that Dr. Levin had provided health care that failed to meet the standard of health care provided by other qualified physicians in the same or similar communities and that his conduct was an abuse or exploitation of a patient arising out of the trust and confidence placed in the physician by the patient, in violation of applicable provisions of the Idaho Code and administrative regulations. Count Three alleged that in response to a letter submitted to the Board by KH reporting Dr. Levin's activities with her, Dr. Levin provided false and incorrect information to the Board in violation of the Idaho Code by stating that he had no intimate relationship with KH.

Following an evidentiary hearing, the hearing officer entered findings of fact, conclusions of law and a recommended order. As to Count One, the hearing officer determined that Dr. Levin had violated Idaho Code § 54–1814(7) in that he engaged in behavior with a patient that is prohibited by the Board of Medicine, i.e., sexual contact with a patient, and therefore failed to meet the community standard of care as required by the Board of Medicine.[1] The hearing officer also determined that Dr. Levin violated an administrative regulation adopted by the Board, IDAPA 22.01.01.101.03.d (hereinafter 101.03.d), by commission of an act of sexual contact, misconduct, exploitation or intercourse with a patient.[2] The hearing officer further determined that Dr. Levin had violated I.C. § 54–1814(22) and IDAPA 22.01.01.101.04.d (hereinafter 101.04.d), by engaging in conduct which constitutes an abuse or exploitation of a patient arising out of the trust and confidence placed in the physician by the patient by commission of an act of sexual contact, misconduct exploitation or intercourse with a patient.[3]

With regard to Count Two, the hearing officer determined that Dr. Levin violated I.C. § 54–1814(7) in that he engaged in behavior with a patient that is prohibited by the Board of Medicine and therefore failed to meet the community standard of care as required by the Board of Medicine. The hearing officer also determined that Dr. Levin violated regulation 101.03.d by the commission of an act of sexual contact, misconduct, exploitation or intercourse with a patient as prohibited by the Board. The hearing officer further determined, however, that Dr. Levin's relationship with KE did not violate I.C. § 54–1814(22) or regulation

---

1. Idaho Code § 54–1814 provides that every person licensed to practice medicine in this state is subject to discipline by the Board as a result of:
   (7) The provision of health care which fails to meet the standard of health care provided by other qualified physicians in the same community or similar communities, taking into account his training, experience and the degree of expertise to which he holds himself out to the public.

2. IDAPA 22.01.01.101.03. (Board Rule 101.03) provides that, as grounds for suspension, revocation or disciplinary sanctions, providing health care which fails to meet the standard of health care provided by other qualified physicians in the same or similar communities includes but is not limited to:
   d. Commission of any act of sexual contact, misconduct, exploitation or intercourse with a patient or former patient or related to the licensee's practice of medicine.

3. Idaho Code § 54–1814 provides that every person licensed to practice medicine is subject to discipline for:

   (22) Engaging in any conduct which constitutes an abuse or exploitation of a patient arising out of the trust and confidence placed in the physician by the patient.
   Similarly, IDAPA 22.01.01.101.04. (Board Rule 101.04) provides that as additional grounds for suspension, revocation or disciplinary sanctions, engaging in any conduct which constitutes abuse or exploitation of a patient arising out of the trust and confidence placed in the physician by the patient includes but is not limited to:
   d. Commission of any act of sexual contact, misconduct, exploitation or intercourse with a patient or former patient or related to the licensee's practice of medicine.

101.04.d as an abuse or exploitation of a patient arising out of trust and confidence because Dr. Levin and KE had a social relationship long before there was a doctor-patient relationship between them.

Finally, the hearing officer determined that Dr. Levin violated I.C. § 54–1814(2) by providing false and incorrect information to the Board as alleged in Count Three.[4]

The hearing officer recommended, for disposition on the violations found in Count One, that Dr. Levin be warned that it is against the Rules of the Board of Medicine to engage in any sexual contact with a current patient and that he receive a six-month suspension of his license, to be withheld on the condition that there be no further violations of the Board's rules or statutes governing the practice of medicine during that time. For disposition on Count Two, the hearing officer recommended that Dr. Levin receive a suspension of his license for one year, but again with the suspension to be withheld on condition that he immediately terminate his physician relationship with KE and so inform the Board in writing. As to the violation alleged in Count Three, the hearing officer recommended that Dr. Levin be disciplined as the Board of Medicine deemed appropriate.

The Board adopted the hearing officer's findings, conclusions and recommended order, with clarification of the disciplinary sanctions.[5] Pursuant to I.C. §§ 54–1806A(12) and 54–1839, Dr. Levin appealed to the district court for judicial review under the Administrative Practices Act, I.C. § 67–5201 *et seq.* The district court affirmed.

## II.

## ISSUES

Dr. Levin poses several issues on appeal. First, he argues that the Board's determina-

tions that he had violated the standard of health care in the community and abused or exploited the physician-patient relationship by improperly engaging in sexual activity with the two patients, KH and KE, were not supported by substantial evidence in the record developed before the hearing officer. He also submits that the Board's conclusion with respect to any misrepresentation by Dr. Levin as alleged in Count Three of the complaint is not supported by substantial evidence. Next, he contends that regulations 101.03.d and 101.04.d are unconstitutionally overbroad, unconstitutionally vague and in excess of the authority of the Board of Medicine to promulgate. Finally, he asserts that he was subjected to selective enforcement by the Board.

## III.

## STANDARD OF REVIEW

Judicial review of a final decision by the Board of Medicine is subject to the provisions of the Administrative Procedure Act (APA). The standard of review applied by the court to an agency decision is set forth in I.C. § 67–5279:

(1) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

* * *

(3) When the agency was required by the provisions of this chapter or by other provisions of law to issue an order, the court shall affirm the agency action unless the court finds that the agency's findings, inferences, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

---

4. Idaho Code § 54–1814 renders a medical licensee subject to discipline for the
   (2) Use of false, fraudulent or forged statements or documents ... in connection with any licensing or other requirements of this act.

5. According to the Board's brief on appeal, the final order addressing the hearing officer's recommendations contains the imposition of the $5,000 fine and the award to the Board of costs and attorney fees, evidently as disciplinary sanc-

tions for the violation alleged in Count Three. Although Dr. Levin does not take issue with the amounts determined and set forth by the Board in its order, he challenges the sufficiency of the evidence to support the underlying factual determination that he made any intentional misrepresentations in the proceeding and argues that therefore there is no basis for imposing the Board's costs against him.

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) not supported by substantial evidence on the record as a whole;

(e) arbitrary, capricious, or an abuse of discretion.

In a subsequent appeal from the district court's decision where the district court was acting in its appellate capacity in a review under the APA, this Court reviews the agency record independently of the district court's decision. *First Interstate Bank of Idaho, N.A. v. West*, 107 Idaho 851, 693 P.2d 1053 (1984). The Court defers to the agency's findings of fact unless those findings are clearly erroneous. *Ferguson v. Board of County Comm'rs for Ada County*, 110 Idaho 785, 788, 718 P.2d 1223, 1226 (1986). In the appellate process, neither the district court nor this Court may substitute its judgment for that of the agency as to the weight of the evidence presented in the record. I.C. § 67–5279(1); *Woodfield v. Board of Professional Discipline*, 127 Idaho 738, 905 P.2d 1047 (Ct.App.1995).

### IV.

### ANALYSIS

#### A. Sufficiency of the Evidence.

KH, the patient referred to in Count One, testified that she received medical aid from Dr. Levin beginning in August, 1993, and was treated by him frequently for colds, flu, diabetes, hemorrhoids and a back injury among other ailments. She stopped seeing him in March 1994. She testified about engaging in numerous sexual activities with Dr. Levin during the time period she was receiving treatment as Dr. Levin's patient. Dr. Levin admitted one sexual contact with KH in the spring of 1994 but denied all others reported by KH. Dr. Levin also admitted numerous acts of intercourse with the patient referred to in Count Two, KE, during the two years preceding the administrative hearing and testified that their relationship essentially was a social one as dating adults; that he never provided medical care or treatment to her outside of his office nor in a hospital setting. As to Count Three, the record shows that Dr. Levin provided false information to the Board by a letter stating that he had no intimate relationship with KH. In this regard, the hearing officer determined that Dr. Levin's veracity was challenged by the fact that Dr. Levin stated under oath to the hearing officer that he has not been Board Certified since 1983 or 1984, yet testified under oath in a deposition that he was currently Board Certified.

Considering all of the evidence submitted and according the Board its authority, through the hearing officer, to assess credibility and to weigh the evidence presented, we conclude that these reported events demonstrate that substantial evidence supports the factual findings entered in this case.

#### B. Overbreadth, Vagueness and Excess of Authority.

We are not persuaded by Dr. Levin's arguments that regulation 101.04.d is overbroad, vague or in excess of the authority of the Board as expressed in the statute, I.C. § 54–1814(22), and as it applies to the facts of this case, relating to a doctor's relationship with a current patient. This statute prohibits abuse or exploitation of a patient or arising from the trust and confidence placed in the physician by the patient. Regulation 101.04.d is consistent with that statute by identifying "sexual contact, misconduct, exploitation and intercourse" as prohibited abusive or exploitative conduct arising out of the trust and confidence relationship. In light of the statute under which regulation was promulgated, there is no overbreadth or vagueness in the language or application of the regulation.

Furthermore, the adoption of this regulation by the Board clearly falls within the Board's authority in implementing the purpose expressed by the statute. Although Dr. Levin suggests that the regulation is defective because it includes as prohibited conduct a sexual relationship between a physician and a "former patient," the regulation is not overbroad nor vague in the context of the facts found by the Board in this case. This case did not involve a doctor and a former patient; it involved sexual activities

between a physician and a patient, KH, who currently was receiving care and treatment from the doctor at the time of the intimate affairs. To the extent that Dr. Levin was found to have violated § 54–1814(22) and regulation 101.04.d in his activities with patient KH, the disciplinary action can be upheld without regard to whether I.C. § 54–1814(7) was violated and whether regulation 101.03.d may be overbroad, vague or in excess of the Board's authority to adopt rules in other contexts.

A different situation exists with regard to patient KE. Based upon the hearing officer's findings and recommendation, the Board concluded that Dr. Levin did not engage in abusive or exploitative sexual conduct with KE in violation of § 54–1814(22) because their relationship was a social one that long preceded the doctor-patient relationship. The Board also concluded that regulation 101.04.d was not breached based upon the hearing officer's determination that there was no showing that there was an exploitation of KE arising out of the trust and confidence placed by KE in Dr. Levin as a physician. However, the Board held that Dr. Levin had violated I.C. § 54–1814(7) in that he engaged in behavior that is prohibited by the Board of Medicine and therefore failed to meet the community standard of health care as required by the Board. The prohibited conduct in which Dr. Levin allegedly engaged is described in regulation 101.03.d, as the "[c]ommission of any act of sexual contact, misconduct, exploitation or intercourse with a patient or former patient or related to the licensee's practice of medicine."

■ We conclude that regulation 101.03.d, designating "sexual contact, misconduct, exploitation or intercourse" as a measure to gauge the provision of health care, is not within the expression of I.C. § 54–1814(7) and therefore is in excess of the authority of the Board to promulgate that regulation. Because the regulation fails as exceeding the authority of the statute, we need not address the overbreadth or vagueness arguments directed by Dr. Levin against the regulation. Accordingly, that portion of the order by the Board suspending Dr. Levin's license for violating I.C. § 54–

1814(7) and regulation 101.03.d is set aside. I.C. § 67–5279(3)(b).

## C. Selective Enforcement.

■ We turn next to Dr. Levin's contention that he was subjected to selective enforcement by the Board. Inasmuch as we have determined that regulation 101.03.d exceeded the Board's authority under I.C. § 54–1814(7) and have set aside the Board's order disciplining Dr. Levin for his relationship with KE, our discussion of the selective enforcement issue is limited to the circumstances involving the patient KH only.

Dr. Levin poses the argument that there are other doctors in Idaho who have had intimate relationships with patients, or former patients, but who have not been disciplined or sanctioned by the Board, such as where the patient is a spouse of the doctor or where the doctor has married a former patient. While some evidence to that effect was alluded to in the proceeding before the hearing officer, selective enforcement did not appear to be a major issue in this case, and the hearing officer made no definitive finding or conclusion on that issue except to state that a hearing officer did not have authority to adjudicate claims of unconstitutionality.

■ The burden was upon Dr. Levin if he wished to pursue a theory of unconstitutional selective enforcement to establish impermissible activity by the Board. *State v. Bowman*, 104 Idaho 39, 655 P.2d 933 (1982). Selective enforcement, without more, does not comprise a violation under either the Idaho or United States Constitutions; in order to establish discriminatory application, the challenger must show "a deliberate plan of discrimination based upon some unjustifiable classification such as race, sex, religion, etc." *Henson v. Department of Law Enforcement*, 107 Idaho 19, 23, 684 P.2d 996, 1000 (1984). The proceeding involving patient KH resulted from a formal complaint lodged with the Board by KH and was supported by facts developed through a proper investigation. There was no evidence that a discriminatory plan existed on anyone's part to subject Dr. Levin to licensure discipline based upon an unjustifiable classification. Consequently, there is no basis from which to

conclude that Dr. Levin was treated differently, constitutionally, from any other licensed physician who may have been caught in a similar situation.

## V.

### CONCLUSION

The disciplinary order entered by the Board of Medicine is affirmed except insofar as suspending Dr. Levin's license to practice medicine for one year and concomitantly placing him on probation for one year for his relationship with KE. That portion of the order must be vacated because the Board's regulatory rule 101.03.d designating sexual activities as a form of prohibited conduct exceeded the Board's authority to define or describe health care under I.C. § 54–1814(7).

Because of the mixed result in this case, no costs or attorney fees are awarded on appeal.

Chief Justice TROUT and Justices SCHROEDER and KIDWELL, concur.

Justice SILAK, dissents.

I concur in the opinion but respectfully dissent as to Part IV B. The majority holds that the one-year suspension of Dr. Levin's license should be set aside because regulation 101.03.d exceeds the disciplinary authority granted in I.C. § 54–1814(7). I disagree because I believe that the regulation was within the scope of disciplinary power given to the Board of Medicine by the legislature.

Section 54–1806A of the Idaho Code authorizes the Board of Medicine to create a board of professional discipline and "to delegate to it its role and authority in the enforcement and supervision of professional disciplinary enforcement ... particularly under sections 54–1810 and 54–1814, Idaho Code, including *without limitation* the power to make rules and regulations ... to the *full extent* that the board of medicine is authorized or empowered to act ...." (emphasis added). This language demonstrates that the legislature intended to vest broad authority in the board of discipline to sanction conduct which it deems improper.

In prior decisions, this Court has taken a deferential approach to reviewing regulations promulgated by governmental agencies.

"The construction given a statute by the executive and administrative officers of this state is entitled to great weight and will be followed by the Court unless there are cogent reasons for holding otherwise." *Kopp v. State,* 100 Idaho 160, 163, 595 P.2d 309, 312 (1979).

In this case, the Court has given no "cogent reasons" for overturning the Board of Medicine's construction of the statute. Instead, the Court has essentially eviscerated regulation 101.03.d in a rather conclusory fashion. By so doing, this Court has shifted from its earlier determination that "one of the characteristics of a profession is its responsibility *to formulate standards of conduct for its members." Tuma v. Bd. of Nursing,* 100 Idaho 74, 78, 593 P.2d 711, 715 (1979) (emphasis in original) (quoting *Ward v. Oregon State Bd. of Nursing,* 266 Or. 128, 510 P.2d 554, 557 (1973)).

The majority's opinion in the instant case does not recognize the discretion usually afforded executive agencies. In promulgating regulation 101.03.d, the Board of Medicine determined that "sexual contact, misconduct, exploitation or intercourse" was conduct which "fails to meet the standard of health care" in violation of I.C. § 54–1814. Given the degree of deference usually afforded state agencies in implementing regulations, especially where professional disciplinary proceedings are concerned, I believe regulation 101.03.d does not exceed the scope of I.C. § 54–1814.

For these reasons, I believe the Court should affirm the agency's disciplinary action against Dr. Levin.