244 Or. 282 (1966)
417 P.2d 1019
IN RE COMPLAINT AS TO THE CONDUCT OF JAMES H. LEWELLING, ACCUSED
Supreme Court of Oregon.
Submitted March 29, 1966.
Probation imposed subject to suspension September 9, 1966.
No appearances.
PROBATION IMPOSED SUBJECT TO SUSPENSION.
PER CURIAM.
The accused is charged with professional misconduct. As a result of excessive use of intoxicating liquor the accused neglected his professional duties. *283 He was guilty of inordinate delay in answering correspondence relating to cases in which he was retained; he failed to complete proceedings which he had initiated for clients; he failed to pay filing fees, and he failed to keep adequate accounts of his own and his clients' funds as a consequence of which the funds were commingled and withdrawals were made for his personal use.
It is conceded by the Board of Governors that none of the accused's clients suffered any financial loss as a result of his erratic bookkeeping. It is further conceded that the accused is a person of integrity and honesty and that he is respected for his legal ability by the bench and bar in his community.
The evidence shows that the accused has ceased to use intoxicating liquor and has pledged not to use it in the future. The Board of Governors has concluded that under these circumstances the accused should be given an opportunity to continue the practice of law conditional upon his continued abstinence of alcohol. The Board recommends that accused be subjected to the sanction of a two-year suspension from the practice of law, the sanction to be imposed only if the accused fails, during a period of five years, to fulfill the following conditions: (1) That he refrain entirely from the use of alcoholic beverages and (2) that he discontinue the delay and neglect which characterized his professional conduct in the past and which brought upon him the charges in this proceeding.
We are of the opinion that the Board's recommendation provides a reasonable sanction which will serve both as an incentive to the accused to continue his efforts at rehabilitation and as an adequate measure to protect the public against a recurrence of the harm which was caused by accused's delinquency.
*284 Therefore, it is the judgment of this court that the accused be suspended from the practice of law for a period of two years, the sanction to be imposed only if, during a period of five years, the accused fails to fulfill the conditions of probation specified above.