Argued April 2, matter continued for two years April 17, 1968

In re Complaint as to the Conduct of
RONALD L. RICKETTS, Accused.
439 P. 2d 873

*James A. Redden,* Medford, argued the cause and filed briefs for the accused.

*William V. Deatherage* and *Patrick Ford,* Medford, argued the cause and filed a brief for the Oregon State Bar.

Before Perry, Chief Justice, and McAllister,

Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

## PER CURIAM.

As in a companion case (*In re C. E. Wheelock*) decided this day, another attorney has been found guilty of dealing falsely with his client in a matter that did not produce a monetary loss to the client but which nevertheless was wholly inconsistent with a lawyer's duty of fidelity to his client.

The accused, after representing an injured workman in a compensation matter, found his client to be both irksome and demanding. The client insisted upon filing another claim. The accused falsely represented to his client that he had proceeded as requested with an aggravation claim. In fact, the accused had done nothing about the claim. Instead of either filing the action or telling the client to go elsewhere for legal advice, the accused proceeded to construct a highly organized delusional system to keep his client more or less content. As time passed, the imaginary litigation invented by the accused reached its termination when the accused prepared an order disposing of the case on an imaginary demurrer. To this order, the accused affixed a signature purporting to be that of a circuit judge. By means of this document he finally convinced his client that the client was out of court. The record reveals that the client's case was of dubious merit; hence the trial committee found that no substantial loss was caused by the misconduct. We concur in this finding.

■ The obvious psychiatric problem in this case has been explained in part by a rehearsal of the anxieties and tensions suffered by the accused. We are satis-

fied that the conduct of the accused was not the result of a moral defect, but rather was the product of a mental problem. The explanation, however, does not relieve us of the duty to recognize the public's legitimate interest in the practice of law. The profession of law carries with it public responsibilities and professional burdens as well as privileges. If the bar is to retain the trust and confidence of the public it serves, the performance of the bar must deserve that confidence.

■ Grossly deviant conduct, even though it may not in every case produce the financial ruin of a client, can produce adverse public attitudes toward the profession. Even though the misconduct in the case at bar may not be deserving of punishment on moral grounds, it is not the sort of conduct that can be ignored. This court has a duty to provide some method for deterring such conduct in the future and for the immediate suspension of a lawyer's professional activity if a recurrence should come to the attention of the bar.

Accordingly, it will be the order of this court that the accused be considered on probation for a period of two years from the date of this opinion. During the period of probation the accused will be subject to summary suspension of his right to practice law upon motion of the Oregon State Bar supported by any substantial evidence that the mental problem which caused his present difficulty has recurred in a manner likely to affect his ability to carry out his professional responsibilities.

The matter is continued for a period of two years.