439 P.2d 872 (1968)
In re Complaint As to the Conduct of C.E. WHEELOCK, Accused.
Supreme Court of Oregon, In Banc.
Submitted March 26, 1968.
Decided April 17, 1968.
Dwight L. Schwab, Portland, for the accused.
Before PERRY, C.J., and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE, and HOLMAN, JJ.
Submitted March 26, 1968, on Answer to Order to Show Cause.
PER CURIAM.
On January 23, 1968, we ordered C.E. Wheelock to show cause why his license to practice law in this state should not be suspended for misconduct. The misconduct did not cause loss to a client, nor was there evidence of serious moral fault. But it was a second offense, and amounted to deception wholly inconsistent with a lawyer's obligation of fidelity to his client. We will not describe the unhappy affair in detail, as the conduct complained of was substantially of the same character as the first offense. See In re Wheelock, 233 Or. 236, 377 P.2d 858 (1963).
We are now satisfied that Wheelock's behavior was the result of a mental depression and not a course of willful or calculated wrongdoing. Indeed, the neglect and subsequent deception of the client exhibited in these episodes rather clearly reveal a psychiatric problem rather than a disciplinary one.
The reports of psychiatrists are part of the record, and they assert that Wheelock's condition has been corrected and that there is virtually no likelihood of a recurrence. In view of these medical recommendations, we agree with the Board of Governors in the recommendation that this unfortunate matter be brought to a close with the minimum punishment consistent with the public interest.
Because of the danger to the public, however, from serious misconduct, whether caused by moral defect or mental illness, a means must be found to protect the public. Accordingly, we find it necessary to place the accused on probation. See In re Ricketts, Or., 439 P.2d 873.
The purpose of probation in this case is not to punish an attorney for behavior he perhaps could not have avoided. Rather, its purpose is to provide a means by which the Oregon State Bar may move quickly to bring before this court any instance of future misconduct on the part of the attorney *873 which might endanger the rights of any client, regardless of the cause of such misconduct.
It is accordingly ordered that C.E. Wheelock be placed on probation for a period of two years, during which time his right to practice law may be suspended summarily upon motion of the Oregon State Bar supported by any substantial evidence of a recurrence of his mental problem insofar as it might affect his ability to carry out his professional responsibilities.
The matter is continued for a period of two years.