Argued February 4, placed on two years probation
February 24, 1971

In re Complaint as to the Conduct of
RICHARD F. CRIST, Accused.

481 P2d 74

*Walter H. Evans, Jr.*, Portland, argued the cause and filed the brief for accused.

*Garth S. Ledwidge*, Portland, argued the cause for the Oregon State Bar. With him on the brief was David W. Harper, Portland.

Before O'Connell, Chief Justice, and McAllister,

DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON,* Justices.

## PER CURIAM

This case concerns the proper discipline to be imposed upon an attorney for misconduct in dealings with his clients. The facts are generally not in dispute.

Richard Crist, the accused, has been regularly employed as a deputy district attorney in Clackamas county for the past three and one-half years. His position allowed him to engage in private practice. The accused was retained to represent clients in a bankruptcy proceeding and was paid $275 for filing fees and attorney fees. Crist had very limited experience in the private practice of law and had never before prepared a bankruptcy petition. Because of his inability to handle the situation, Crist procrastinated in taking any action to start the bankruptcy proceeding.

Crist admitted that he deposited part of the $275 in a checking account and that he wrote at least one check on this account for a personal expense. Later Crist repaid the clients the $275.

Because of the accused's inaction in the bankruptcy proceeding, his clients sought the aid of another attorney, Phil Ringle. The clients also brought their complaint to the attention of the staff counsel of the Oregon State Bar. The Bar requested Mr. Ringle to proceed with the clients' bankruptcy petitions. Prior to this request, both the Bar and Mr. Ringle had attempted to contact Crist about his delay in filing the bankruptcy petitions. Crist failed to answer these inquiries or otherwise cooperate, and he was finally

---

* Bryson, J., did not participate in this decision.

subpoenaed to appear before the grievance committee of the Bar.

The trial committee of the Oregon State Bar found Crist guilty of failing to diligently prepare and file his clients' bankruptcy petitions; misrepresenting to his clients and the grievance committee that the petitions had been filed; misrepresenting to the grievance committee that the clients had signed a petition in bankruptcy; and refusing to cooperate with the Oregon State Bar's investigation of the matter. The trial committee recommended that the final decision be deferred for one year with leave to file appropriate reports indicating the progress of his treatment and evaluation during the interim, and required that immediate notification of any change of employment status be given to the Bar.

The Board of Governors agreed with all the critical findings of the trial committee. However, the Board disagreed with the finding that Crist had not commingled and converted his clients' funds for his own use. The Board recommended that Crist be suspended from the practice of law for a period of one year with reinstatement contingent on a showing that he is able and qualified in all respects to practice law in the state of Oregon.

According to the secretary of the Board of Governors, the accused's record, except for the incident in question, has been "singularly clean."

We believe that the accused's neglect to file the bankruptcy petitions and his subsequent deception reveals a psychiatric problem, not a moral problem, in this case. Psychologically, Crist could not face the fact that he did not have the competency to handle the bankruptcy, nor could he admit his inadequacy to

others. A report from a clinical psychologist who treated Crist indicates that Crist is able to perform very adequately in an associate type relationship, and the psychologist recommended that the accused's practice be restricted to associate situations for a year to effect "significant remediation." The psychologist's report also indicates that the accused's prognosis is favorable. He has also been cooperative in submitting himself for treatment by the psychologist and has indicated his willingness to continue such treatment.

We concur in the findings of the trial committee that the accused should be placed on probation. The purpose of this probation is not necessarily to punish, but rather to provide a means by which the Oregon State Bar may move quickly to bring before this court any instances of future misconduct on the part of the attorney which might endanger the rights of any client, regardless of the cause of such misconduct. *In re Wheelock*, 249 Or 572, 439 P2d 872 (1968); *In re Ricketts*, 249 Or 575, 439 P2d 873 (1968).

It is therefore ordered that Richard F. Crist be placed on probation for two years, limiting him during such period to an associate practice of law, and requiring him to notify the Oregon State Bar of any changes of employment. It shall be a condition of such probation that the accused continue his course of treatment with the psychologist, and that the psychologist submit quarterly reports to the Oregon State Bar verifying that fact and indicating the progress of such treatment, as well as his prognosis for the accused. During this period the accused will be subject to summary suspension of his right to practice law upon motion of the Oregon State Bar supported by evidence that his mental problem has recurred in a

manner likely to affect his ability to carry out his professional responsibilities. *In re Ricketts, supra.*

Accused placed on probation for two years.