Argued April 6, reprimanded and probation April 29, 1976

# In re Complaint as to the Conduct of
## WARREN H. ALBRIGHT, *Accused.*

549 P2d 527

*James F. Bodie,* Prineville, argued the cause for the accused. With him on the brief were J. C. Van Voorhees; Bodie, Minturn, Van Voorhees & Larson.

No appearance contra.

PER CURIAM.

## PER CURIAM.

This is a disciplinary proceeding in which the accused was charged by the Oregon State Bar with:

(1) Negligently permitting a default judgment to be taken against his client and satisfying the judgment from funds in his clients' trust account which did not contain any of that client's funds and without notifying his client of any of these actions;[1]

(2) With negligently allowing a client's action to be dismissed for want of prosecution;

(3) and (4) With failure to timely perfect appeals to the circuit court for two separate clients; and

(5) With late filing of income tax returns for a client.[2]

The trial committee of the Bar concluded that the third, fourth, and fifth charges were true, but not of sufficient gravity to warrant discipline and recommended they be dismissed. The trial committee found that the second charge had been fully investigated at an earlier time with no action being taken and recommended it be dismissed. The trial committee found the accused was guilty of the first charge and that his actions were unethical in violation of the standards of conduct established by law and the Oregon State Bar. ORS 9.480; DR 1-102, 6-101(3).[3]

---

[1] The facts brought out at the trial committee hearing revealed that no judgment had been taken and the case was settled.

[2] The facts behind this charge showed that the accused had timely filed the tax return, but had made an error in itemization of medical deductions.

[3] ORS 9.480:

"Grounds for disbarment, suspension or reprimand. The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

\* \* \* \* \*

"(4) He is guilty of wilful deceit or misconduct in his profession; or \* \* \*"

In determining the appropriate discipline, the trial committee specifically took into account the accused's mental and physical condition at the time he committed the acts complained of in the first charge,[4] the fact that the accused fully intended to deposit his own funds in the trust account to cover the amount of the settlement and actually did so within a short time after the checks were cashed, the fact that no one was injured except the accused by this action, and the fact that he voluntarily made a full disclosure to the Board of Governors. The trial committee also noted that the accused left private practice shortly after the incident and is currently employed as a lawyer by a bureau of the federal government.

The trial committee recommended that the accused be given a public reprimand and be placed on probation on condition that he could not return to the private practice of law without the consent of the Supreme Court.

The Disciplinary Review Board of the Oregon State Bar independently reviewed the entire record and determined that the trial committee's findings of fact

---

Disciplinary Rules:
"DR 1-102 Misconduct.
(A) A lawyer shall not:
    (1) Violate a Disciplinary Rule.
    (2) Circumvent a Disciplinary Rule through actions of another.
    (3) Engage in illegal conduct involving moral turpitude.
    (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
    (5) Engage in conduct that is prejudicial to the administration of justice.
    (6) Engage in any other conduct that adversely reflects on his fitness to practice law."
"DR 6-101 Failing to Act Competently.
(A) A lawyer shall not:
                    * * * * *
    (3) Neglect a legal matter entrusted to him."

[4] The accused was suffering from diabetes, high blood pressure, and gout, and there was medical testimony that his reasoning and ability to work was affected.

and summary of the record, as outlined in the trial committee's decision and recommendation, were adequate. The review board recommended that the accused also be found guilty of the third and fourth charges. DR 6-101(3). The review board agreed that the accused was guilty of the first charge, but that the second charge should be dismissed. The review board did not specifically mention the fifth charge.

The review board recommended that the accused be given a public reprimand and be placed on probation for ten years with the condition that he not practice law except on a salary for a governmental agency.

The accused does not dispute any of the findings of the trial committee or the disciplinary board and asks only that the Supreme Court modify the probation by shortening the period to three years.

The most serious charge that was proven against the accused was the first charge. It encompassed neglect, deceit, and misuse of the client trust account. The fact that no one was injured by his conduct is of no significance when the rules of professional ethics are violated. *In re Ronald L. Ricketts,* 249 Or 575, 576, 439 P2d 873 (1968); *In re Otto W. Heider,* 217 Or 134, 159, 341 P2d 1107 (1959). This court will not allow an attorney to resort to unethical practice even if it is accompanied by a sizeable reimbursement out of his own pocket. *In re C. E. Wheelock,* 233 Or 236, 240, 377 P2d 858 (1963). Nor should the fact that the accused made complete restitution to the trust account affect the discipline to be adjudged. Such discipline should not be dependent upon the lawyer's financial ability to rectify the results of his unethical conduct. *In re George C. Staples,* 259 Or 406, 411, 486 P2d 1281 (1971).

The evidence is persuasive that at the time of the particular incident the accused was suffering from physical problems which severely affected his judgment. The neglect and subsequent deception were not

[ 819 ]

a result of calculated or willful wrongdoing. This court has held, however, that the danger to the public from a lawyer's misconduct, even if caused by physical illness, warrants appropriate disciplinary action. *In re C. E. Wheelock,* 249 Or 572, 573, 439 P2d 872 (1968).

■ The accused voluntarily made a full disclosure to the Bar before any complaints had been filed other than an earlier complaint on the second charge. The evidence was that most likely the other incidents would never have been brought to the Bar's attention except for the accused's coming forward. Had this not been the case more severe discipline might be warranted. See, e.g., *In re Donald F. Bach,* 273 Or 24, 539 P2d 1075, 1077 (1975).

■■ The basic rule in discipline of attorneys is that it is the Supreme Court's exercise of a public trust. If the Bar is to retain the confidence of the public it serves, the performance of the members of the Bar must be such as to deserve trust and confidence. *In re Ronald L. Ricketts, supra,* 249 Or at 577.

■ The accused hereby is publicly reprimanded and placed on probation for five years on condition that he not resume the private practice of law during the period of his probation.