Argued March 23, affirmed April 20, reconsideration denied May 25, petition for review denied September 7, 1977

HURLEY, *Petitioner,*

*v.*

OREGON STATE BOARD OF DENTAL EXAMINERS, *Respondent.*

(CA 6456)

562 P2d 1229

Patrick M. Callahan, Portland, argued the cause for petitioner. With him on the brief were Lon N. Bryant, Portland, and Richard C. Bartlett, Portland.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Petitioner seeks judicial review of an order of the State Board of Dental Examiners (Board) suspending him from the practice of dentistry for six months and placing him on probation for five years thereafter.[1] ORS 679.160(1); 183.480.

On five occasions during 1973 and 1974, petitioner submitted claims to various dental insurance companies seeking payment for work which he had not in fact performed. On four of those occasions petitioner accepted payments from the companies for the work not performed. An investigation by an insurance company of the fifth claim led to the proceedings against petitioner.

ORS 679.140(1)(c) provides:

"Any dentist may have his license revoked or suspended or a renewal thereof refused by the board for * * * [u]nprofessional conduct, or for gross ignorance, incompetence or inefficiency in his profession."

ORS 679.140(2) states that unprofessional conduct "includes but is not limited to" 18 specific types of conduct, including "[o]btaining any fee by fraud or misrepresentation." ORS 679.140(2)(b).

Petitioner was charged in four counts—the first alleging that petitioner violated ORS 679.140(1)(c) in submitting a claim to one of the insurance companies in an attempt to receive payment, the second alleging that petitioner violated ORS 679.140(2)(b) in obtaining payments by misrepresentation for the other four claims, and the third alleging that petitioner violated ORS 679.140(2)(b) in obtaining payments by fraud for those same four claims. The fourth count was dismissed by the Board at the conclusion of the hearing.

■ Petitioner asserts that the first count against him should have been dismissed because the phrase "unprofessional conduct" as used in ORS 679.140(1)(c) is

---

[1] No conditions were placed on petitioner's probation.

unconstitutionally vague. In *Board of Medical Examiners v. Mintz,* 233 Or 441, 378 P2d 945 (1963), the court held that the standard of "unprofessional conduct" used in a statute regulating physicians was not impermissibly vague and noted:

> "* * * The limits between good and bad professional conduct can never be marked off by a definite line of cleavage. And the variety of forms which unprofessional conduct may take makes it infeasible to attempt to specify in a statute or regulation all of the acts which come within the meaning of the term. The fact that it is impossible to catalogue all of the types of professional misconduct is the very reason for setting up the statutory standard in broad terms and delegating to the board the function of evaluating the conduct in each case. * * *"[2] 233 Or at 448.

Petitioner points to and we can perceive no distinction between *Mintz* and this case.

■■ Petitioner next asserts that the first count against him should have been dismissed because his conduct did not constitute unprofessional conduct as he did not actually receive payment from the insurance company. That no one was harmed by petitioner's conduct is fortunate; however, that fact alone does not absolve petitioner from responsibility for his actions. *See In re Albright,* 274 Or 815, 549 P2d 527 (1976). We conclude that the Board's determination that petitioner's attempt to obtain payment for work which he had not performed fell within the purview of ORS 679.140(1)(c) and constituted unprofessional conduct is not unlawful in substance. ORS 183.482(8)(a).

■ Petitioner next asserts that ORS 679.140(2)(b) is limited to transactions between a dentist and patient and that thus the second and third counts against him should have been dismissed. Petitioner cites no au-

---

[2] *See also Klein v. Real Est. Comm. Holbrook,* 19 Or App 646, 528 P2d 1355 (1974) (terms "trustworthy" and "competent" used in statute licensing real estate agents not impermissibly vague); *Ward v. Ore. State Bd. of Nursing,* 11 Or App 353, 502 P2d 265 (1972), *rev'd on other grounds* 266 Or 128, 510 P2d 554 (1973) (phrase "conduct derogatory to the morals or standards of professional nursing" not impermissibly vague).

thority for this proposition, and the wording of the statute does not readily yield such a limitation. In the absence of any indication to the contrary, we conclude that the Board's application of ORS 679.140(2)(b) to transactions by dentists acting in their professional capacity with dental insurance companies is not unlawful in substance. ORS 183.482(8)(a).

■ Petitioner contends that the third count against him should have been dismissed because the Board failed to make ultimate findings of fact as to petitioner's intent to defraud and detrimental reliance by the insurance companies, *see Bernard v. Bd. of Dental Examiners,* 2 Or App 22, 465 P2d 917 (1970), and that if such findings were made, they were not supported by substantial evidence. The Board's ultimate findings of fact state:

> "* * * Dr. Kim A. Hurley submitted the respective claim forms intending to obtain a reimbursement from the dental insurance companies to which he was not entitled. The dental insurance companies relied on such claim forms, made payment to Dr. Kim A. Hurley on the basis of the information submitted on the claim forms and as a result were damaged thereby."

These findings, adequate to establish the necessary elements of fraud, are supported by substantial if not overwhelming evidence.

■■ Petitioner next contends that the hearing officer should have been disqualified for bias in that five months after the proceedings against petitioner were instituted, the hearing officer stated in a newspaper interview that he believed that the Oregon State Board of *Medical* Examiners had an "almost limitless" power of regulation of physicians and that "unprofessional conduct is a charge which covers a lot of behaviors." The disqualification of a hearing officer for bias is appropriate only when it is established that the hearing officer is biased against or toward a particular litigant. 5 USC § 556 (1970); *Trade Comm'n v. Cement Institute,* 333 US 683, 68 S Ct 793, 92 L Ed 1010 (1948). That the hearing officer here may have

formed an opinion about the scope of a different statute than that under which petitioner was disciplined does not constitute a sufficient reason for disqualification.

■ Petitioner next asserts that the Board did not afford him an opportunity to contest the taking of official notice that petitioner's billing procedures did not represent "the normal [billing] procedures utilized by the majority of the dentists in the State of Oregon."[3] However, petitioner was granted a rehearing expressly to allow him:

> "Opportunity to contest the fact that 'the evidence introduced and the methods of preparing claims to be submitted to the insurance carrier, as testified to by Dr. Hurley, the accused, is not in conformance with the normal procedures utilized by the majority of the dentists in the state of Oregon.' "

This procedure was adequate to allow petitioner to challenge the factual basis of the official notice.

Petitioner's remaining assignments of error, primarily dealing with the procedures used by the Board, do not warrant discussion.

Affirmed.

---

[3] The taking of official notice is authorized by ORS 183.450(4) which provides:

> "In contested cases * * * [a]gencies may take notice of judicially cognizable facts, and they may take notice of general, technical or scientific facts within their specialized knowledge. Parties shall be notified at any time during the proceeding but in any event prior to the final decision of the material so noticed and they shall be afforded an opportunity to contest the facts so noticed. Agencies may utilize their experience, technical competence and specialized knowledge in the evaluation of the evidence presented to them."