Submitted pursuant to Rule 3.6, Rules of Procedure Relative to Admission, Discipline, Resignation and Reinstatement June 14, accused suspended and placed on probation June 26, 1984

## In re Complaint as to the Conduct of
# RICHARD F. CRIST,
*Accused.*

## (No. 83-86, SC S30840)

683 P2d 85

## MEMORANDUM OPINION

The Oregon State Bar filed a complaint in two causes against the accused, charging him with violations of several of the Disciplinary Rules of the Code of Professional Responsibility in connection with the probate of a decedent's estate.

The first cause may be summarized as alleging that, by reason of inexperience, the accused was not competent to handle the probate, that his incompetency resulted in inordinate delay of the completion of probate and in penalties and interest being assessed in connection with taxes, and that he misinformed his client about filing deadlines and tax liabilities. The complaint alleged that his described conduct violated DR 6-101(A)(1) and (3), which provide that a lawyer shall not handle a legal matter when he knows, or should know, that he is not competent to do so, and that he shall not neglect a legal matter entrusted to him. Violation of DR 1-102(A)(5) was also charged. That rule forbids a lawyer to engage in conduct that is prejudicial to the administration of justice.

The second cause alleged that the accused knowingly misled the court as to the completion and anticipated completion of various stages of probate. It is charged that this conduct violates:

(1) DR 1-102(A)(4), which commands a lawyer not to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(2) DR 7-102(A)(5), which forbids a lawyer to make false statements of law or of fact in his representation of a client.

(3) ORS 9.460(4), which enjoins an attorney to be truthful and to refrain from misleading a court by false statements.

(4) ORS 9.527(4), which subjects an attorney to discipline by this court if he is guilty of wilful deceit or misconduct in the legal profession.

New Rules of Procedure relating to discipline became effective for proceedings initiated after 1983. Those rules are printed at pages 63 to 75 of the 1984 Lawyers' Deskbook and Directory. Rule 3.6 provides for discipline by consent through a no contest plea. Pursuant to BR 3.6(b), the accused filed such a plea. Pursuant to BR 3.6(d), the plea was reviewed by the General Counsel of the Oregon State Bar (as defined in

BR 1.1(p)) and was approved by the State Professional Responsibility Board. The plea was then filed with the State Court Administrator for review by this court.

The court is aware of previous disciplinary proceedings concerning this accused reported in *In re Richard F. Crist,* 258 Or 88, 481 P2d 74 (1971), and has considered that matter in arriving at its action herein.

The court has reviewed the plea, approves it and issues this opinion stating that approval, BR 3.6(e).

The agreed "designated form of discipline" contained in the plea pursuant to BR 3.6(b)(iii) and approved herein is as follows:

"The Accused agrees to accept a suspension from the practice of law for six months for the violations of the Code of Professional Responsibility and the statutes specified in the formal complaint, with four months of the suspension stayed for three years subject to the Accused's compliance with the following terms of probation:

"(1) The Accused shall meet on a regular basis (not less than once per month) with a psychologist or psychiatrist mutually agreed upon by the Bar and the Accused at his expense to obtain counseling and psychotherapy. Said counseling and psychotherapy shall continue through the term of the Accused's probation unless and until the Bar is notified by report of the Accused's psychologist or psychiatrist that continued treatment is no longer necessary.

"(2) The Accused shall file with the Bar on a bimonthly basis, a report by his psychologist or psychiatrist describing the counseling and psychotherapy the Accused is receiving and the progress the Accused is making in avoiding problems which may affect his ability to competently and diligently practice law.

"(3) The Accused shall meet on a regular basis (not less than once a month) with a member of the Bar mutually agreed upon by the Bar and the Accused to review the status of his activities in the practice of law.

"(4) The Accused shall file with the Bar on a bimonthly basis a report by the member assigned to meet with him describing the status of the Accused's activities in the practice of law and the progress the Accused is making in avoiding problems which may affect his ability to competently and diligently practice law.

"(5) If the Accused fails to comply with the conditions set forth in paragraphs (1), (2), (3) and (4) above, the Bar may move the court to impose the portion of the Accused's suspension that has been stayed.

"(6) The Accused waives any claim of attorney-client or physician-patient privilege regarding the reports submitted to the Bar as a result of this plea.

"(7) The term of the Accused's probation shall be three years from the date his two month suspension expires."

It is hereby ordered that the accused shall be suspended and placed on probation as agreed. The period of suspension shall commence on the effective date of this decision. *See* ORAP 11.03(4).

The Oregon State Bar is awarded its actual and necessary costs and disbursements. ORS 9.536(4).