Submitted on record and brief October 15, accused suspended November 6, 1984

In re Complaint as to the Conduct of
## JAMES H. LEWELLING,
*Accused.*
### (OSB 83-68; SC S31075)
690 P2d 501

Lawrence N. Brown, Salem, filed the petition for the accused.

Robert A. Ford, Eugene, filed the brief for the Oregon State Bar.

PER CURIAM

## PER CURIAM

In this disciplinary proceeding the accused is charged with violation of DR 6-101(A)(3) (neglecting a legal matter entrusted to him) and DR 7-101(A)(2) (intentionally failing to carry out a contract of employment) of the Code of Professional Responsibility.

We find that in February, 1982, the accused undertook to represent Daniel Ropp in the defense of a civil claim against Mr. Ropp for money allegedly due and owing under an automobile lease agreement. The accused successfully filed a motion for change of venue from Multnomah to Lincoln County and subsequently filed an answer on behalf of Mr. Ropp with the Lincoln County District Court. The answer identified the accused as attorney for Ropp and listed the accused's mailing address as 626 S.W. Hurbert Street, Newport, Oregon 97365.

On August 6, 1982, the plaintiff in the underlying action filed a motion for summary judgment. The motion showed proof of service upon the accused. On August 12, 1982, the Lincoln County District Court sent written notice to the accused at his 626 S.W. Hurbert Street address, informing him that the motion was scheduled for hearing on September 20, 1982, at 11:30 a.m.

The accused failed to file any affidavits, memoranda or motions in opposition to plaintiff's motion, and failed to attend the hearing. Judgment was entered against Mr. Ropp in the amount of $1,245.76, with attorney fees of $546.50 and costs of $115.00. Neither the accused nor Mr. Ropp knew of the judgment until sometime in October, 1982, when the judgment appeared on a credit report regarding Mr. Ropp's financial status.

Beginning in April, 1982, the accused suffered from illnesses which kept him from his law office for extended periods of time. Also, in August, 1982, the accused left for Wyoming and was gone for approximately three weeks. He did not inform Mr. Ropp of either his illnesses or his trip to Wyoming.

The accused had an informal arrangement with Jeffrey Pridgeon, an attorney who shared the same office but maintained an independent private practice, to handle the

accused's mail and other matters which might arise during his absences. During August Mr. Pridgeon made one delivery of mail to the accused's residence, and accumulated the rest of the mail on the accused's desk. After his return from Wyoming the accused neglected, for a period of one week, the correspondence which had been delivered to his residence and did not return to his office until October, 1982.

The Trial Board found the accused guilty of violating DR 6-101(A)(3) in his neglect of a legal matter entrusted to him by a client, specifically finding that the notice of hearing on the motion for summary judgment was "duly delivered" to the accused's law office. It found him not guilty of violating DR 7-101(A)(2) for lack of evidence of a specific intent to fail to carry out his contract of employment. The Trial Board recommended that the accused be suspended from the practice of law for seven months and that he be required to make formal application for reinstatement including an affirmative showing of his fitness to practice law. The Disciplinary Review Board disagreed with the Trial Board's specific finding that the hearing notice was "duly delivered" to the accused's office. Nevertheless, the Disciplinary Review Board concurred with the Trial Board's conclusion and recommendation.

■ ■ We agree with the Trial Board and Disciplinary Review Board determinations that the accused did not violate DR 7-101(A)(2), which provides in relevant part:

"(A) A lawyer shall not intentionally:

"(2) Fail to carry out a contract of employment entered into with a client for professional services * * *."

"Intentionally" is a material and key element of this disciplinary rule. *In re Hereford,* 295 Or 604, 611, 668 P2d 1217 (1983). The Oregon State Bar concedes that there was no evidence that the accused had the requisite intent. There is no evidence that the accused had the intent to fail to carry out his contract of employment, which is required to constitute a violation of DR 7-101(A)(2).

■ Both the Trial Board and the Disciplinary Review Board found the accused guilty of violating DR 6-101(A)(3), which states:

"(A) A lawyer shall not:

"* * * * *

"(3)   Neglect a legal matter entrusted to him."

The Trial Board and the Disciplinary Review Board do not agree on whether the evidence supports a finding that the accused actually received the hearing notice or was advised of it. The accused does not dispute that the written notice was, in all probability, sent to his office. Instead, he contends that he never saw the notice and that nothing in Mr. Ropp's file should reasonably have alerted him before he left for Wyoming that the matter would be set for hearing in the near future.

In our independent review of the evidence, *In re Chambers,* 292 Or 670, 672, 642 P2d 286 (1982), we find that neither the accused nor Mr. Pridgeon ever saw the hearing notice, before or after the relevant dates. The district court file, introduced as an exhibit at the Trial Board hearing, contains a copy of the notice, but is inconclusive as to whether the notice was ever sent. The file also contains a proof of service demonstrating that the motion for summary judgment was mailed to the accused's Hurbert Street address on August 6, 1982.

We find that during the period when the accused represented Mr. Ropp, his physical condition impaired him in his practice of law. He testified that he was rarely in his law office and relied heavily, though informally, on Mr. Pridgeon to "cover" for him. For a period beginning July 15, 1982, until he left for Wyoming, the accused was absent from the office because of a back injury. Mr. Pridgeon testified to the following telephone conversation prior to the accused's trip:

> "* * * He called me on what was probably a Friday to say that they had worked out the schedules [and] that they were going to Wyoming, that — I don't recall whether he said they would be gone through August or that they would be gone for a month. And would I take care of business if anything arose. I assured him that I would. I asked if there was anything that he anticipated my having to handle * * * coming up, he said 'no,' he had cleared his schedule in anticipation of the departure date. And that was pretty much the end of the conversation."

This is the extent of the accused's arrangement with Mr. Pridgeon to ensure client matters were not neglected in his absence.

We concur with the Disciplinary Review Board's assessment of the accused's conduct. The Disciplinary Review Board found:

"* * * [T]he Accused was neglectful in not informing his client Ropp of his illness, in not specifically requesting that the people handling his mail during his absence from the state be watching for papers that might involve his client, and in his failure upon his return from his trip to examine his mail for at least a week."

It is the obligation of every attorney practicing law in this state to ensure that all client matters arising during absences and requiring the attorney's attention will be adequately and promptly attended. The accused's arrangement with Mr. Pridgeon was insufficient to protect the accused's client in this case. We, therefore, find the accused guilty of violating DR 6-101(A)(3).

We now turn to the question of the proper sanction to be imposed under the facts of this case. We first note that this accused's conduct has been reviewed by this court before. In 1966, the accused was disciplined for neglecting his professional duties as a result of excessive use of intoxicating liquor. He was placed on probation for five years, which he successfully completed in 1971. *In re James H. Lewelling,* 244 Or 282, 417 P2d 1019 (1966). In 1984, this court disciplined this accused for violating DR 7-104(A)(1), communicating with a represented party on the subject of representation, and DR 7-105(A), threatening criminal charges to gain an advantage in a civil matter. He was suspended for 60 days. *In re Lewelling,* 296 Or 702, 678 P2d 1229 (1984).

We agree with the Trial Board and Disciplinary Review Board that normally after three violations of the disciplinary rules, an attorney should be suspended or even disbarred. However, in this case it is apparent from the record that the accused has serious health problems. Although his personal difficulties do not excuse his violation of the disciplinary rules, we take his physical illnesses into account in determining a proper sanction. This follows our practice in previous disciplinary review cases. *In re Hereford, supra* (domestic difficulties); *In re Loew,* 292 Or 806, 642 P2d 1171 (1982) ("burn out syndrome"); *In re Varnes,* 285 Or 463, 591

P2d 366 (1979) (mental illness); *In re James H. Lewelling, supra.*

Here, the accused has ongoing problems with his health. Unlike the 1966 disciplinary case, his neglect of his practice is not related to alcohol abuse. His physical problems have rendered the accused presently unfit to practice law. We note that the accused discontinued practicing law in December, 1982, in recognition of his disability. In April, 1983, a notice was sent to his clients informing them that he was retiring as of April 1, 1983. The accused has no plans to re-enter the private practice of law, but if his health improves he would consider re-entering practice.

We are satisfied that the conduct of the accused was not the result of a moral defect, but rather was the product of his continuing poor health. We, therefore, order the accused suspended for 63 days. We further order that the accused be readmitted only by order of the court, *see* BR 8.2(a)(iv), upon a showing that his physical or mental condition no longer will impede the proper discharge of his professional responsibilities.

The Oregon State Bar is awarded its actual and necessary costs and disbursements. ORS 9.536(4).